HeNdbrsoN, Judge,
 

 delivered the opinion of the Court:
 

 The operation of the consent rule raises tiie doubt in this case j for, very clearly without it, the Plaintiff would be bound to prove the ouster, as a material allegation in his declaration, it becomes, therefore, necessary to examine the extent of the admissions made by the tenant, by entering into the rule. The confession lias never been deemed to acknowledge that which is the substance of the
 
 action;
 
 as when the Plaintiff’s entry is necessary to complete his title,'as an entry to avoid a fine or the like
 
 ;
 
 there an actual entry must he shewn. The ouster confesses an expulsion from some lands, but whether they are the lands mentioned in the declaration, or those which are iu the Defendant’s possession, creates the difficulty.
 

 Taking the whole record together, it would seem that they are the latter. The Plaintiff, either by name or boundary, gives a description in his,declaration of the lands sued for. This declaration lie causes to he served
 
 *284
 
 on the tenant in possession; for none but the tenant or his landlord can bo made Defendant. This is, in substance, saying’ to the tenant, that you are in possession of the lands described in the declaration ; that whatever description I may have given of them, either by name or boundary, they are the same lands that you possess. On ■which the tenant confesses that he ousted the Plaintiff from the lands, and relies on his title as a justification. Should it appear at the trial, that the Defendant’s possession did not interfere with the Plaintiff’s claim, it is but just that the mischief should be borne by the Plaintiff, who has misled the Defendant, rather than by the Defendant, who has trusted to the Plaintiff’s assertion. Should it be otherwise, yet the Defendant would be compelled to decide at his peril, whether the lands described in the declaration are those possessed by him, although he is told so by the Plaintiff; and this too, where the Plaintiff describes by artificial boundaries, the beginning and extent of which may be entirely unknown to the Defend, ant. The practice of disclaimer shows the difficulties to which the Defendant was driven; but this carried the remedy too far. By this means, an action commenced on proper grounds would be defeated, by disclaiming the very lands which were the cause principally of the suit, and defending as to others to which his title was good. Or if the. Plaintiff, after the disclaimer, should dismiss bis suit, he must pay the Defendant his costs. "Whereas, if the tenant had declined to defend, there would be no costs due to the casual ejector, but only the Plaintiff’s own costs to be paid. Nor can the Court so regulate the disclaimer as not to produce this inquiry, as some have ailedged, by preventing the Defendant from disclaiming lands which he had possessed ;-for the Court has no proper mode of ascertaining this fact; and to settle this preliminary point, if it had, would increase litigation and delay, and incur unnecessary expense. A contrary practice wpuM also enable two designing men more ca-
 
 *285
 
 sily to convert the action of ejectment to the means of getting possession of lands, without making the actual tenant a Defendant or apprising him of the suit. For these reasons we think, in all cases, whether the. consent rule he general or special, the Plaintiff is bound to prove the possession of the Defendant. In the case in
 
 7 Term Rep. 327,
 
 the question was fully considered, and the una-nintous opinion of the Court given of the law,* as here laid down. The case in
 
 Willson,
 
 220, is also an authority, although in that case the landlord defended, for ho certainly was placed in his tenant’s situation.
 

 Ta.yi.oe, Chief-Justice.,
 

 contra. — With the utmost respect for the opinion of my brethren, I cannot consent to innovate upon a long established rule of practice, without being convinced that it is inconvenient or mischievous in the observance; hut I have never had occasion to remark, tiiat the present mode of practice in this State was productive of any ill effect. That the practice should be different in England, ! readily admit; because the custom thereof drawing declarations in very general terms, is not calculated to apprise the Defendant of the particular lands demanded. As the Judges in that country observe, the declaration communicates but little intelligence to the Defendant. If he happen to he in possession of any land falling* within the Declaration he mus! defend in order to preserve his own rights. In the very case cited from
 
 7 Term Rep. 327,
 
 the declaration was for SO acre's ofland, 20 acres of meadow, and 20 acres of pasture, within a certain parish, so that if the Defendant had any land of that description within the parish, he must defend, in order to preserve it. But the custom here oí describing with liberal exactness, the boundaries óf the land claimed, leaves nothing for the Defendant to doubt about; or, if lie should doubt, a survey may be had to inform him, whether he claims the land sued for. If he is satisfied at the first view7 of the declaration, that he
 
 *286
 
 neither possesses the ri and, nor claims a right, to it, he may enter a disclaimer, when called upon to plead. If he is unable to decide, upon reading the declaration, he raay enter into the common rule, and also have leave to disclaim, if he should afterwards discover, upon a survey, that he ought to do so. It has appeared to me that Defendants were perfectly protected, by tine practice of disclaimers, and that no injury could arise, to either party, under the disposition constantly manifested by the Courts, to consider the fictions of ejectment as within their control, and unfettered by any technical strictness that would frustrate the equitable purpose of bringing forward the real right and title of the parties. If by any fraudulent connivance between two persons, a third were turned out of possession, I apprehend, he would be reinstated instantly upon tbe Court’s being apprised of such an abuse of the process of the law7. My brother Locke, directs me to signify his unwillingness io alter the practice $ but as a majority of
 
 the
 
 Court think differently, the rule for a new trial is discharged.